**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRAYSHAWN ROBINSON<br><br>            Plaintiff,<br><br>        v.<br><br>CITY OF ATLANTIC CITY;<br>ATLANTICARE REGIONAL MEDICAL CENTER;<br>SECURITY OFFICER MICHAEL PORTER;<br>SECURITY OFFICER KYLE MCKNIGHT;<br>POLICE OFFICER CHRISTOPHER LODICO;<br>POLICE OFFICER AHMED WAQAR;<br>POLICE OFFICER SEAN PETTIT;<br>POLICE OFFICER KEVIN PEREZ;<br>POLICE OFFICER MIKE CAMP;<br>POLICE OFFICER ALAN BANAGA;<br>POLICE OFFICER ALEX BANAGA;<br>POLICE OFFICER CHARLES HEINTZ;<br>POLICE OFFICER SEAN McGETTIGAN;<br>ATLANTIC CITY POLICE CHIEF HENRY WHITE;<br>JOHN DOE ATLANTIC CITY POLICE OFFICERS 1-10,<br>individually and in their official capacity;<br>JOHN DOE SECURITY OFFICERS 1-10 individually and<br>in their official capacity;<br>JOHN DOES 1-100; Jointly, Severally and/or in the<br>Alternative<br>            Defendants | Civil Action No:<br><br><br><br>COMPLAINT |

Trayshawn Robinson currently residing in Absecon, New Jersey by way of Complaint against the Defendants says:

## INTRODUCTION

1.)    On or about November 3, 2018, the Plaintiff Trayshawn Robinson sought medical assistance at the Defendant AtlantiCare Regional Medical Center (ARMC) emergency room in Atlantic City, New Jersey for severe stomach pains emanating from a suture on his stomach from recent surgery and injuries that had rendered the Plaintiff a paraplegic with the inability to utilize his legs.

2.)     At the time the Plaintiff sought medical assistance at the Defendant AtlantiCare Regional Medical Center, he was bleeding from the suture on his stomach and was in severe pain requiring immediate medical assistance.

3.)     After arriving to the emergency room of ARMC with his brother, Plaintiff's brother requested immediate medical assistance for the Plaintiff from the employee at the front desk given the pain Plaintiff was experiencing, and the Defendant ARMC employee told Plaintiff's brother, "wait your turn."

4.)     Thereafter, Plaintiff and Plaintiff's brother got into a verbal disagreement and/or argument with the front desk staff of ARMC, at which time security officers employed by Atlanticare Regional Medical Center, John Doe Security Officers 1-10, Defendant Michael Porter and/or Defendant Kyle McKnight, without provocation from the Plaintiff, a paraplegic seated in a wheelchair at the time, forcefully attacked Plaintiff and his brother, assaulting him and his brother and throwing Plaintiff onto the floor out of his wheelchair in the emergency room lobby. Thereafter, Defendant City of Atlantic City Police Officers on special detail at the Defendant ARMC and other Atlantic City Police Officers including Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, and John Doe Officers 1-10 were called to the scene and without provocation and/or probable cause beat, assaulted, and attacked and utilized excessive force upon Plaintiff and his brother who were offering no resistance or threat of injury to the officers or any members of the public as Plaintiff, a paraplegic lied on the floor of the ARMC Emergency Room unable to utilize his legs as a result of his paraplegic disability.

5.)     Thereafter, the individual Defendant City of Atlantic City Police Officers and Security Officers employed by the Defendant ARMC set forth above continued to beat, assault, and utilize excessive force in effecting the arrest of the Plaintiff even after Plaintiff was admitted to the

Defendant ARMC for purposes of obtaining treatment. The beating and assault of Plaintiff included smacking the Plaintiff in the face multiple times, throwing the Plaintiff off a bed in the Emergency Room, throwing Plaintiff out of his wheelchair, stomping on Plaintiff's back while he laid on the floor with his pants at his ankles, choking Plaintiff with a bag over his head, applying an illegal choke to Plaintiff's neck with their knee, walking on Plaintiff's body and back, and striking him in the face and body with fists, punches, and knees all causing him to defecate himself as a result of the excessive force, assault and beating Plaintiff was subjected to by these Defendants. The Defendants then falsely filed criminal charges against the Plaintiff for purposes of concealing and covering up their wrongdoing.

6.)      The Plaintiff Trayshawn Robinson suffered severe and permanent injuries from the violent and vicious and unprovoked attack and excessive use of force at the hands of the individual Defendant Police Officers and Security Officers.

## PARTIES

1.)      Plaintiff Trayshawn Robinson is and was residing within the City of Absecon, County of Atlantic, State of New Jersey. Plaintiff at all times herein was a paraplegic with no use of his legs, requiring a wheelchair, and a person with a disability under New Jersey's Law Against Discrimination.

2.)      At all times mentioned herein, the Defendant, City of Atlantic City, is a Municipality chartered by the State of New Jersey and as such is a political subdivision of the State of New Jersey and amongst its other functions operates and maintains a law enforcement agency known as the Atlantic City Police Department. Atlantic City is under a duty to run its policing activities in a lawful manner so as to preserve the rights, privileges, and immunities guaranteed and secured to them by the Constitution and Laws of the United States and the State of New Jersey.

3.)      On information and belief, the Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, and Sean McGettigan are adult resident citizens of Atlantic County, State of New Jersey and were members of the Atlantic City Police Department who were acting by virtue of their position as Law Enforcement Officers of Atlantic City Police Department and under Color of State Law.  These individual Defendant Police Officers set forth above are sued individually and in their official capacity as members of the Atlantic City Police Department. Defendant Henry White was at the time, the Police Chief of Defendant City of Atlantic City Police Department and policy maker for the Defendant City of Atlantic City Police Department pursuant to City Ordinance and State Law.

4.)      Upon information and belief, the Defendant John Doe Atlantic City Police Officers 1-10 are adult resident citizens of Atlantic County New Jersey were acting by virtue of their position as Law Enforcement Officers of the Atlantic City Police Department and under Color of State Law. Defendant John Does 1-10 are sued individually and in their official capacity as members of the Atlantic City Police Department.

5.)      Upon information and belief, the Defendant Security Officers Michael Porter, Kyle McKnight, and John Doe Security Officers 1-10, are adult resident citizens of Atlantic County New Jersey were acting by virtue of their position as Security Officers of the Defendant AtlantiCare Regional Medical Center and are sued individually and as employees in their official capacity as members of the AtlantiCare Regional Medical Center and under the theory of respondeat superior as agents, employees, and/or servants of AtlantiCare Regional Medical Center.

## JURISDICTION AND VENUE

1.)      Each of the acts of the Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, and John Doe Officers 1-10 were performed under the color of law and pretense of the Constitutions, Statutes,

Ordinances, Regulations, Customs and Usages of the United States of America, and the State of New Jersey, County of Atlantic, and the City of Atlantic City and under their authority as Officers for Atlantic City, New Jersey.

2.)     The incident which gives rise to this cause of action occurred within the jurisdiction and within the two years of the filing of this Complaint.

3.)     Venue is proper in this matter pursuant to 28 U.S.C. § 1391 as all Defendants are residents of this district and all acts or omissions which gives rise to the cause of action occurred within the district.

4.)     Jurisdiction is proper pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3)(4), and 42 U.S.C. § 1983. Plaintiff further invokes pendant and subject matter jurisdiction of this Court to hear and decide claims arising under State Law pursuant to 28 U.S.C. § 1367.

## COUNT ONE

1.)     On or about November 3, 2018, the Plaintiff Trayshawn Robinson sought medical assistance at the AtlantiCare Regional Medical Center in Atlantic City, New Jersey for severe stomach pains induced by a suture on his stomach becoming undone. Trayshawn Robinson was bleeding from his suture on his stomach from a prior surgery and injuries which rendered him a paraplegic and he needed immediate medical assistance. Plaintiff arrived at the Atlantic Regional Medical Center Emergency Room in a wheelchair accompanied by his brother.

2.)     Plaintiff's brother, after being told, "wait your turn," by the Defendant AtlantiCare Regional Medical Center's employee(s), got into a verbal disagreement and/or argument concerning the same.

3.)     As a result, Security Officers of AtlantiCare Regional Medical Center and Defendant City of Atlantic City Police Officers were called to the Emergency Room.

4.)     The individual Defendant Security Officers McKnight, Porter, and John Doe Security Officers 1-10 assaulted the Plaintiff by initially throwing him out of his wheelchair onto the ground, and thereafter further physically attacking and assaulting the Plaintiff causing him injuries and leaving Plaintiff lying on the floor of the emergency room.

5.)     At or around the same time, numerous police officers employed by the Defendant City of Atlantic City including the individually named Defendants arrived in the ARMC Emergency Room, these defendants including the Security Officer Defendants left the Plaintiff untreated while standing around Plaintiff lying on the floor handcuffed and berated Plaintiff verbally while ignoring his pleas for assistance and ignoring his complaints of being assaulted. While on the floor handcuffed, the individually named defendants and Defendant John Doe Atlantic City Police Officers 1-10 placed a bag over Plaintiff's head and forcefully placed him back in a wheelchair. Thereafter, Plaintiff was placed into a room within the Emergency Room of the Defendant ARMC. Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, and John Doe Officers 1-10, in addition to Defendant ARMC Security Officers McKnight, Porter, and John Doe Security Officers/Employees 1-10, without provocation and/or probable cause, continued to assault the Plaintiff by including but not limited to the following: smacked Plaintiff in the face multiple times using excessive force, threw him off his hospital bed onto the floor of the room, and attacked and beat Plaintiff with their hands, fists, knees, and kicks, at a time where Plaintiff offered no resistance or physical threat at any time to the Defendants or anyone in the area. It is further alleged that the Defendant individual Police Officers and Security Officers, in conjunction with one another, interrogated and taunted the disabled Plaintiff and otherwise continued to assault Plaintiff and/or assist the Defendant City of Atlantic City Officers in assaulting Plaintiff or in their use of excessive force on the Plaintiff causing him further injuries and need for medical treatment.

6.)     The Defendant Security Officers McKnight, Porter and John Doe Security Officers 1-10 were negligent, careless, and reckless in the provision of security within the scope of their employment with the Defendant ARMC. It is further alleged that these Defendants assaulted Plaintiff while a patient in the Defendant ARMC and aided and abetted in the assault, unlawful restraint, and use of excessive force by the Defendant Police Officers aforementioned.

7.)     As a direct and proximate result of the actions of the Defendant Security Officers aforementioned, Plaintiff was restrained, assaulted, beaten, humiliated, caused to suffer physical injuries, emotional distress and mental anguish, and forced to need further and future medical treatment, incur medical bills, and such other damages all to his detriment.

8.)     The actions of the Security Officer Defendants aforementioned were intentional/deliberate and calculated to cause the Plaintiff physical injury entitling Plaintiff to an award of punitive damages.

9.)     The Defendant ARMC is vicariously liable for the actions of their employees/security officers aforementioned pursuant to principles of respondeat superior, master/servant, and principles of agency. It is further alleged that the Defendant ARMC its agents, servants, or employees were negligent, reckless and wanton in the hiring, retention, training, and supervision of the Defendants McKnight, Porter, and John Doe Security Officers 1-10.

WHEREFORE, Plaintiff demands judgment against the Defendants McKnight, Porter, John Doe Security Officers 1-10, and Atlantic Regional Medical Center, for damages, punitive damages, attorney's fees and costs of suit and such other relief as the Court deems just and proper.

## COUNT TWO

1.)     The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

2.)     On November 3, 2018, and while on duty and/or special detail at the Defendant ARMC in the City of Atlantic City, and/or otherwise while called to the Defendant ARMC during their course of employment as Atlantic City Police Officers, Defendant Officers Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, and John Doe Atlantic City Police Officers 1-10 without provocation and/or probable cause to arrest the Plaintiff proceeded to physically attack and beat the Plaintiff with their hands, fists, knees, kicks, choking the Plaintiff with a bag or spit shield making it difficult for Plaintiff to breathe at a time when his hands were handcuffed behind his back, and otherwise utilized excessive force upon the Plaintiff while Plaintiff was at the ARMC hospital seeking medical treatment and a patient there.

3.)     It is further alleged that these Defendant Police Officers applied an illegal and deadly chokehold to Plaintiff while he laid handcuffed to the floor with their knee(s) across his neck, threw Plaintiff off of his hospital bed, struck Plaintiff in the face with their hands and fists repeatedly while Plaintiff was defenseless as a paraplegic and/or handcuffed, kicked him in his arms, stomped across his back, handcuffed him multiple times, and otherwise utilized unreasonable and excessive force upon the Plaintiff, a paraplegic who was wheelchair bound with no use of his legs and a person with a medical disability, without legal justification or otherwise.

4.)     As a result of the brutal attack and use of excessive force by the Defendant Police Officers aforementioned, and while at the ARMC Plaintiff was admitted to the hospital for treatment of his severe injuries caused by these Defendants.

5.)     Thereafter, to cover up their illegal conduct and use of their excessive force upon the paraplegic Plaintiff and false arrest of the Plaintiff, the Defendant Officers falsely charged the Plaintiff with indictable criminal offenses of aggravated assault on a police officer, simple assault, throwing bodily fluids at a police officer, and resisting arrest. These charges were approved,

reviewed, and authorized by these Defendant Police Officers, Supervisor Defendant Heintz. The Defendant Officers aforementioned further conspired with each other to issue false police reports and conceal body worn camera footage and provide false testimony in an attempt to support their false criminal charges against the Plaintiff in an attempt to conceal their excessive force, improper use of force, improper arrest of the Plaintiff, and other constitutional violations.

6.)     After the brutal attack and use of excessive force by the Defendant Police Officers and Security Officers, aforementioned and while at the Atlantic Regional Medical Center, the Plaintiff was required to stay in the hospital for treatment to his wounds, severe bruising, lacerations, scrapes, further damage to his preexisting injuries, and other medical treatment.

7.)     It is further alleged that prior to attacking the Plaintiff, taking him out of his wheelchair and tackling him to the ground, and beating him with their fists, knees, and feet, the individual Defendants never identified themselves as police officers or indicated to the Plaintiff that he was under arrest.

8.)     Thereafter, to cover up their illegal conduct and use of excessive force upon the Plaintiff and the false arrest of the Plaintiff, the Defendant Officers Lodico and Pettit charged the Plaintiff with the indictable offenses of multiple counts of aggravated assault on a police officer, simple assault, throwing bodily fluids at a police officer and resisting arrest. These charges were also submitted through the approval of Defendant Officer Heintz, who further conspired with the other Defendants to issue false police reports in an attempt to support their false charges against Plaintiff in an attempt to conceal their excessive and improper use of force.

9.)     Defendants Lodico, Pettit, Waquar, Perez, Camp, Alan Banaga, Alex Banaga, McGettingan and Heintz, and John Doe Officers 1-10 committed the aforementioned actions and/or omissions under the Color of Law and by virtue of their authority as Law Enforcement Officers for Defendant City of Atlantic City and have substantially deprived the Plaintiff of his

clearly established rights, privileges, and immunities guaranteed to him as a citizen of the United States and of New Jersey in violation of 42 U.S.C. § 1983 and deprived the Plaintiff of his rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendment of the United States Constitution including but not limited to:

   a.)    the freedom from unlawful search and seizure;

   b.)    the freedom from unlawful arrest and seizure of their persons;

   c.)    the freedom from the use of unreasonable, unjustified, and excessive force;

   d.)    the freedom from the deprivation of liberty and property without due process of law;

   e.)    the freedom from summary punishment;

   f.)    the freedom from state created dangers; and

   g.)    the freedom from arbitrary government activity which shocks the conscience of civilized community and society.

10.)    As a direct and proximate result of the acts and omissions of these Defendants, individually named Police Officer Defendants, and John Doe Police Officers 1-10, the Plaintiff's Constitutional Rights were violated and Plaintiff was severely injured and sustained severe and permanent injuries necessitating medical treatment and was forced to defend himself in criminal charges falsely filed against him.

11.)    The actions of the Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, Michael Porter, and Kyle McKnight in viciously removing the Plaintiff from his wheelchair and then beating the Plaintiff at a time when he was offering no resistance and posed no threat of immediate harm to the Defendant Officers nor anyone in the vicinity were unjustified, unreasonable and unconstitutional and deprived Plaintiff of his constitutional rights in violation of the 4th, 8th and

14th Amendments of the United States Constitution and their New Jersey Constitutional counterparts guaranteeing Plaintiff the right to be free from unlawful searches and seizures, unlawful arrest, malicious prosecution and the use of unreasonable and excessive force for purposes of affecting arrest.

12.)     It is further alleged that the Defendants' conduct also constituted a violation of the New Jersey Civil Rights Act N.J.S.A. 10:6-2.

13.)     The Defendants, Officers Lodico, Pettit, and Heintz, and the other individual Defendants, each filed police reports containing false information for purposes of concealing their unlawful conduct, including their use of excessive force with respect to the unlawful arrest of the Plaintiff.

14.)     The Defendants and each of them conspired with respect to the completion of the false police reports and to file false charges against the Plaintiff for simple assault, throwing bodily fluids at a police officer, resisting arrest, and aggravated assault on a police officer to compensate for their wrongful actions of using excessive force against the Plaintiff.

15.)     As a direct and proximate result of these actions and omissions of the Defendants, and all of them, Plaintiff's Federal and State Constitutional Rights were violated, the Plaintiff sustained severe and permanent injuries necessitating medical treatment and was forced to defend himself with respect to criminal charges falsely filed against him.

16.)     The actions of the Defendants were unjustified, unreasonable, unconstitutional, deprived the Plaintiff of his Constitutional Rights in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and their New Jersey Constitutional Counter Parts.

**COUNT THREE**
**FEDERAL AND STATE CONSTITUTIONAL VIOLATIONS AGAINST**
**THE CITY OF ATLANTIC CITY**

1.)     The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

2.)    Defendant City of Atlantic City and the Chief of Police at that time, Defendant Henry White, and the Internal Affairs Department permitted, encouraged, tolerated and knowingly acquiesced to an official pattern, practice, and custom of its police officers, particularly, the individually named Defendants of falsely arresting citizens such as Plaintiff by means of use of excessive force and in falsely charging citizens such as the Plaintiff with crimes that they did not commit in order to cover up their illegal conduct.

3.)    Defendant City of Atlantic City and Defendant Chief of Police Henry White, were and is, under a duty to supervise members of the Atlantic City Police Department and to ensure that the policing activities of the Atlantic City Police Department are run in a lawful manner preserving to the citizens of Atlantic City their rights, privileges, and immunities guaranteed to them by the Constitution of both the United States of America and the State of New Jersey.

4.)    Defendant City of Atlantic City and Chief of Police White and the Internal Affairs Department of Atlantic City Police Department permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and custom of its police officers, particularly the Defendants, Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, Michael Porter and John Doe Police Officers 1-10 of violating the Constitutional Rights of the public at large, including the Plaintiff. In particular, the City of Atlantic City and its Chief of Police Defendant Henry White had actual knowledge that these individual Defendants, Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, Porter and John Doe Police Officers 1-10 had propensity to deprive the citizens of the City of Atlantic City, State of New Jersey, of their Constitutional Rights and failed to take proper action to protect the citizens of Atlantic City, State of New Jersey, including the Plaintiff from these Defendants. In point of fact, the City of Atlantic City and its Chief of Police Defendant White were placed on

notice by the Attorney General's Office Study of a pattern, practice and custom existing and being maintained within the police department concerning an unusually high amount of force being utilized by its police officers, including red flagging of certain officers considered outliers, including some of the individual Defendant Police Officers, and with deliberate indifference failed to supervise or retrain these Officers for excessive force and or use of force knowing that this unconstitutional pattern, practice and custom would continue into the future eventually causing injury to the Plaintiff.

5.)     It is further alleged that Chief White was responsible for reviewing Internal Affairs Complaints including those alleging assault, use of excessive force and improper arrest made by citizens against the Defendant Officers of the Atlantic City Police Department including the individually named Defendants.

6.)     During Chief White's tenure as Chief of Police for the Defendant City of Atlantic City, the individual Defendant Officer(s) named herein, were charged with violations for excessive force and improper arrest on multiple occasions and red flagged as outliers in use of force incidences by the AG office.

7.)     Despite notice and knowledge of the individual Defendant Police Officers' propensity to utilize excessive force and conduct improper arrests on citizens such as the Plaintiff, the Chief of Police Henry White and the Internal Affairs Department failed to order any type of remedial training or re-training or discipline for these officers despite notice of the propensity to use excessive force and deliberately failed to ensure that these officers were properly supervised and monitored to prevent the reoccurrence of the use of excessive force and improper arrest upon other citizens such as the Plaintiff.

8.)     It is further alleged that the Defendant City of Atlantic City, its Police Department, Chief White and specifically its Internal Affairs Department, deliberately and intentionally failed to

properly investigate complaints against its police officers, including the named Defendants for excessive force and improper arrest and failed to trigger the Early Warning System which has specifically led to an atmosphere of deliberate indifference by the Defendant City of Atlantic City, its Internal Affairs Division and its Chief of Police Defendant Henry White towards the constitutional rights of citizens including the Plaintiff and specifically their right to be free from false arrest, improper arrest procedures and the use of excessive force guaranteed under the United States Constitution, specifically the 4th Amendment and the New Jersey Constitution counterparts, Article 1, Subparagraph 7 and the 14th Amendment of the United States Constitution as well as the New Jersey Constitution's Due Process Clause. Defendant Chief White failed to make a meaningful investigation into these citizens' complaints, failed to adequately track and monitor police misconduct, and failed to correct police misconduct, causing and creating a custom of exonerating rogue police officers and failing to monitor and discipline the same, including the Defendants.

9.)    The Defendant City of Atlantic City is directly liable for Plaintiff's damages due to the following Policies, Statements, Ordinances, Regulations or Decisions formally adopted and propagated by the government rule makers including Defendant Chief of Police Henry White which were in effect at the time of the incident and which were the underlying cause of Plaintiff's injuries:

> a.) Atlantic City and the Atlantic City Police Department and its Chief of Police at the time Henry White formally adopted policies and standard operating procedures designed to prevent formal complaints from being filed within Internal Affairs Unit in favoring the statement of police officers over the statements of citizens complaining of police abuse or misconduct resulting in the exoneration of the officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of the police officers is tolerated,

condoned and ratified by the Atlantic City Police Department and its Chief Henry White, thus creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large including the Plaintiff.

10.)    Defendant City of Atlantic City and its Chief of Police Henry White are directly liable for the Plaintiff's damages due to the following policies, practices and custom of the Atlantic City Police Department which were in effect at the time of the incident and which were the underlying cause of Plaintiff's injuries:

a.)    Atlantic City and the Atlantic City Police Department have a permanent and well settled practice or custom of allowing police officers including the Defendants named herein, Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan and John Doe Police Officers 1-10 to employ excessive force, while effectuating arrest, creating an atmosphere of illegal and unconstitutional behavior in deliberate disregard and reckless disregard of the welfare of the public at large, including the Plaintiffs;

b.)    Atlantic City and the Atlantic City Police Department have a permanent and well settled policy, practice and custom of allowing police officers including the Defendants, Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan and John Doe Police Offices 1-10 to use excessive force and unreasonable force without fear of discipline, creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the public at large, including the Plaintiff. This is illustrated by the fact that no disciplinary action has been taken against any of the Defendant officers as a result of their actions by the Chief of Police or the IA Unit in violation of their own Early Warning

System thereby creating an atmosphere that the illegal and unconstitutional behavior of these officers in utilizing excessive force is tolerated, condoned and ratified by the police department, it's Chief White, and Defendant City of Atlantic City;

c.)     Atlantic City and the Atlantic City Police Department have a permanent and well settled practice allowing police officers including, Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan and John Doe Police Officers 1-10 to falsify arrest and charge civilians without probable cause as a tool to conceal their own illegal and unreasonable conduct, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the public at large including the Plaintiff;

d.)     Atlantic City and the Atlantic City Police Department have a permanent and well settled practice or custom allowing police officers including, Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan and John Doe Police Officers 1-10 to file false reports, fabricate evidence, destroy evidence, and make false statements as a tool to conceal their own illegal and unreasonable conduct in deliberate indifference and reckless disregard for the welfare of the public at large, including the Plaintiff;

e.)     Atlantic City and the Atlantic City Police Department have a permanent and well settled practice of failing to protect the citizens of Atlantic City from unconstitutional actions of police officers including Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, and John Doe Police Officers 1-10 by exonerating rogue police officers, by refusing to investigate civilian complaints, and by convincing civilians not to file formal citizens' complaints with the Internal Affairs Unit and by creating an atmosphere of illegal

and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the public at large including the Plaintiff. This is illustrated by the fact that the Atlantic City Police Department during Chief White's tenure as its Chief of Police have been subjected to a plethora of Federal lawsuits for civil rights violations relating to excessive force and improper arrest, especially when compared with any county in the State of New Jersey.

f.)      Further it is alleged that the Chief of Police and policy maker, Defendant Chief White, had specific and/or constructive knowledge of the individual Defendants use of unlawful and excessive use of force with respect to affecting an arrest and improper arrest based on Internal Affairs' complaints filed against these officers, and through other matters filed against the Department throughout Chief White's tenure, and had specific knowledge of the excessive force complaints that have been filed with Internal Affairs division between 2010 through the current date against others and deliberately failed to order re-training, discipline or take any other action to prevent the same conduct of these officers from re-occurring in the future. It is further alleged that Chief of Police Defendant White were responsible for reviewing all such Internal Affairs Complaint and recommending disciplinary action be taken against the police officers involved and failed to recommend or take any disciplinary action against these Defendant Officers or other police officers despite their knowledge of these Defendant Officers' unconstitutional conduct with deliberate indifference towards the consequences of their actions to Plaintiff and other members of the public welfare.

g.)      Atlantic City and the Atlantic City Police Department have a permanent and well settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct by the citizenry including, but not limited to complaints regarding arrest

procedures, and the use of excessive physical force, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large including the Plaintiff.

h.)     Atlantic City and the Atlantic City Police Department have a permanent and well settled practice of violating their own policies and procedures in relation to the use of force as well as the Attorney General Guidelines relating to the use of force and the removal of officers from the line of duty pending administrative investigations thus creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard of the welfare of the public including the Plaintiff.

11.)   Defendant Atlantic City is directly liable for Plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring which were in effect at the time of this incident and which was the underlying cause of Plaintiff's injuries:

a.)     Atlantic City and the Atlantic City Police Department, including Defendant Chief White, failed to adequately train and supervise police officers including Defendants, Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, and John Doe Police Officers 1-10 regarding proper arrest procedures and techniques, the proper use of force, probable cause determinations, criminal investigations at the obvious risk and consequence of leading to repeated constitutional violations in deliberate indifference and reckless disregard of the welfare of the public at large including the Plaintiff;

b.)     Atlantic City and the Atlantic City Police Department and Chief White failed to adequately monitor and evaluate the performance of its officers including Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan and John Doe Police Officers 1-10 and

their compliance with the laws and policies, practices and customs with respect to probable cause determinations, arrest procedures, internal affairs procedures, the use of force in criminal investigations in deliberate indifference and reckless disregard of the welfare of the public at large including the Plaintiff;

c.)     Atlantic City and the Atlantic City Police Department and Chief White repeatedly and knowingly has failed to properly train its officers including Defendants with respect to the violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force, probable cause determinations, arrest procedures, internal affairs procedures, creating a pattern, policy, practice, custom or atmosphere or such illegal and unconstitutional behavior is tolerated, condoned and accepted by the Atlantic City Police Department with deliberate indifference and with the reckless disregard of the public at large, including the Plaintiff;

d.)     Atlantic City and the Atlantic City Police Department and Chief White allow its officers to engage in conduct that violates the constitutional rights of persons in custody, including the Plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated and condoned     in reckless disregard and in deliberate indifference to the welfare of the public including the Plaintiff;

e.)     Atlantic City, the Atlantic City Police Department, and Chief White knew that a "code of silence" existed between and amongst their officers and the security personnel employed by AtlantiCare Regional Medical Center whereby officers would not report this conduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and

failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the public, including the Plaintiff. Chief White actively participated in this unconstitutional code of silence in deliberately failing to sustain any excessive force complaints made against the officers under his command including the named Defendants.

12.)    Further, Defendant Atlantic City is liable for Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan and John Doe Police Officers 1-10 actions under the doctrine of agency, vicarious liability, employer/employee relationship, master servant, and respondeat superior and as a result of their non-delegable duty to provide officers who comply with the constitutions of the law of the United States of America and the State of New Jersey.

13.)    Further the Chief of Police Henry White and the Internal Affairs Division had knowledge of the aforementioned policies, practices and customs of the Atlantic City Police Department and specifically the propensity of the Defendant Officers to use excessive force and conduct improper arrests as previously alleged and specifically the propensity of the Defendant and had notice that such practices,  policies, and customs were taking place within the Police Department within his command among the Defendants and other officers as well and consciously disregarded these Defendant Officers unconstitutional conduct with deliberate indifference creating the risk that the officers within his police department, including the Defendant Police Officers, would continue to utilize excessive force to effect an arrest in violation of the constitutional rights of the Plaintiff as well as the citizens of Atlantic City and that the actions of these Defendants as well as other members of the Atlantic City Police Department in utilizing excessive force to effectuate an arrest were substantially certain to re-occur in the future causing injuries to the Plaintiff.

14.)     Further, the Defendant City of Atlantic City and its Chief of Police Henry White, at the time, had knowledge of or should have had knowledge of the actions of the Defendants and had deliberately failed to exercise their duties to instruct, supervise, control and discipline the individual Defendants on a continuing basis thereby permitting the Defendants to continue to use excessive force and/or conduct improper arrests with deliberate indifference to the Plaintiff's rights, by failing and refusing to prevent the same through discipline, retraining and/or supervision.

15.)     It is further alleged that the Defendant, City of Atlantic City, and its Chief of Police and policy maker at that time, Defendant Henry White, directly or indirectly and under color of state law, either expressly or implied approved or ratified the unlawful, deliberate, reckless, malicious and unconstitutional behavior of these individual Defendant Police Officers as evidenced by Chief White's knowledge of the Defendant Officers' prior propensity for unconstitutional behavior and his failure to discipline, supervise or re-train these individuals.

16.)     As a direct and proximate result of the foregoing policies, practices and customs of the Atlantic City and Atlantic City Police Department and its Chief of Police, Defendant Henry White, as well as the deliberate indifference of the Police Chief White, violations of the constitutional rights of the citizens of Atlantic City were substantially certain to occur and did occur causing the Plaintiff severe and permanent injuries.

## COUNT FOUR
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

1.)     The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

2.)     The Defendants and each of them conspired to violate the civil rights of the Plaintiff by targeting him for unwarranted violence, specifically by attacking him at a time where he posed no risk to the officers, was not committing any type of crime, nor was he a risk to any members of the public in the near vicinity by subjecting him to malicious prosecution by each Defendant creating

and coordinating the content of their reports with each other and creating false police reports and the issuances of false criminal summonses against him alleging actions by the Plaintiff more serious in nature and that were false and constituted false criminal charges against him for purposes of incriminating him to rationalize their violent actions, excessive force and mistreatment toward the Plaintiff all for the intentional and deliberate purpose to conceal the extent of the damage that these police Defendants perpetrated against the Plaintiff.  Each of the individual Defendants coordinated their false police reports with each other, agreed to testify falsely against the Plaintiff with respect to his charges at the Atlantic City Municipal Court all in an attempt to prosecute him maliciously for the purposes of attempting to avoid their illegal conduct and civil responsibility for their constitutional violations against the Defendants.

3.)     Further, the private actors, the Defendant Security Officers and Defendant ARMC, are liable under 42 U.S.C. §1983 conspiring to violate the Civil Rights of the Plaintiff in conjunction with the Defendant Atlantic City Police Officers.

## COUNT FIVE
## PUNITIVE DAMAGES AGAINST INDIVIDUAL DEFENDANTS

1.)     The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

2.)     The actions and/or omissions of the Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, Michael Porter, Kyle McKnight, John Doe Security Officers 1-10, and John Doe Police Officers 1-10 complained of herein were unlawful, consciously shocking, unconstitutional, and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith and in such a manner to entitle the Plaintiff to a substantial award of punitive damages against the Defendants.

3.)     As a direct and proximate result of the aforementioned actions and omissions of the Defendants Plaintiff has been injured and damage all to his detriment.  The damages for which

Plaintiff seeks compensation from the Defendants both jointly severally include but are not limited to the following, emotional distress and pain and suffering, loss of enjoyment of life, fright, fear, humiliation, aggravation, anxiety and attorney's fees pursuant to 42 U.S.C. §1998, punitive damages, pre-imposed judgment interest, declaratory relief holding that the policies, practices and/or customs of the Defendants complained of are illegal and unconstitutional and preclusion of Defendants from serving in the capacity of law enforcement officers and such other equitable and general relief as the court deems just and proper.

**COUNT SIX**
**STATE LAW TORTS AGAINST INDIVIDUAL DEFENDANTS**

1.)    The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

2.)    The acts, omissions and conducts of Defendants Christopher Lodico, Ahmed Waqar, Sean Pettit, Kevin Perez, Mike Camp, Alan Banaga, Alex Banaga, Charles Heintz, Sean McGettigan, Michael Porter, Kyle McKnight, John Doe Security Officers 1-10, and John Doe Police Officers 1-10 constitute assault, battery, trespass, and trespass to chattels, false arrest, false imprisonment, ,malicious prosecution conspiracy, negligent and intentional infliction of emotional distress and intentional infliction of emotional distress.

3.)    As a direct and proximate result of the aforementioned acts and omissions of Defendants, the Plaintiff has been damaged and injured all to his detriment.

4.)    Jury is respectively demanded of the trier of the issues set forth herein.

**COUNT SEVEN**
**MALICIOUS PROSECUTION**

1.)    The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

2.)     The Defendants, and each of them, deliberately and intentionally filed false charges attributing false criminal actions to the Plaintiff which constituted indictable offenses, specifically multiple counts of aggravated assault on a police officer, simple assault, throwing bodily fluids at a police officer and resisting, and are still pending as of the date of the filing of this Complaint.

3.)     The Defendants and each of them maliciously and with malice forethought falsified their police reports and issued the false criminal charges against the Plaintiff for purposes of concealing their own illegal conduct and use of excessive force in an attempt to shield themselves from civil liability and responsibility for the injuries they unlawfully inflicted upon the Plaintiff.

4.)     It is further alleged that there was not reasonable or probable cause for the charges or prosecution of Plaintiff by these Defendants and that the Defendants knew, or should have known, this to be the case prior to the false arrest of the Plaintiff his detention, imprisonment and prosecution of the Plaintiff prior to the trial date. Plaintiff alleges malicious prosecution under Section 1983, The New Jersey Constitution, and common law.

5.)     All of the acts described above were undertaken in a willful and malicious manner for the purpose of harming the Plaintiff with respect to his reputation, standing and integrity all to Plaintiff's detriment and therefore, the Defendants are liable to the Plaintiff for punitive damages.

6.)     The aforementioned criminal charges against the Plaintiff were filed by the Defendants without basis in fact, without probable cause and were continued because of the Defendants false statements and false complaints.

7.)     As a direct and proximate result of the malicious abuse of process and malicious prosecution of the Plaintiff as aforementioned, Plaintiff was arrested, criminally charged, forced to undertake the services of criminal defense counsel, suffered damages to his reputation, suffered both mentally and physically all to his detriment.

8.)    The Defendant City of Atlantic City is vicariously liable for the conduct of its employees, the Defendant police officers, for maliciously prosecuting the Plaintiff and therefore for the malicious abuse of their process pursuant to the principles of *respondeat superior,* master servant and principles of agency.

WHEREFORE, Plaintiff demands judgment against the individual Defendants and the Defendant City of Atlantic City and AtlanticCare Regional Medical Center, jointly, severally and in the alternative for damages, punitive damages, attorney fees, cost of suit and such other relief as the Court deems just and proper.

## COUNT EIGHT

1.)    The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

2.)    At the aforesaid time and place, the Defendants, John Doe Atlantic City Police Officers 1-10 individually and in their official capacity, John Doe Security Officers 1-10 individually and in their official capacity and John Does 1-100, were and are unknown person or persons or were and are unknown employees of the other Defendants in the State of New Jersey, whose actions caused and/or contributed, directly or indirectly, to the incident herein and the injuries and damages suffered by the Plaintiff.

3.)    The Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals who may be responsible in whole or in part for the causation of the aforesaid incident. For the purpose of the within complaint, said individuals have been nominated as John Doe Atlantic City Police Officers 1-10 individually and in their official capacity, John Doe Security Officers 1-10 individually and in their official capacity and John Does 1-100. The Plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right

to amend the within complaint relative to additional Defendants when, and if, the identity of said individuals becomes known.

4.)    As a direct and proximate result of the aforementioned carelessness and negligence of the Defendants John Doe Atlantic City Police Officers 1-10 individually and in their official capacity, John Doe Security Officers 1-10 individually and in their official capacity and John Does 1-100, the Plaintiff sustained severe injuries, and Plaintiff has been otherwise damaged.

<u>DAMAGES</u>

1.)    The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

2.)    As a direct and proximate result of the aforementioned actions and omissions of the defendants, Plaintiff was injured and damaged. The damages for which Plaintiff seeks compensation from the Defendants, both jointly and severally, including, but are not limited to the following:

    a.) Emotional pain and suffering of a past, present and future nature;

    b.) Loss of enjoyment of life of a past, present and future nature;

    c.) Fright, fear, aggravation, humiliation, anxiety, and emotional distress of a past, present and future nature as a result of the injuries sustained as a result of the illegal actions of defendants;

    d.) Loss of earning capacity;

    e.) Attorney's fees pursuant to 42 U.S.C. §1988;

    f.) Punitive damages against applicable defendants;

    g.) Pre- and post-judgment interest;

    h.) Declaratory judgment and injunctive relief holdings that he policies, practices or customs of defendants, complained of herein are illegal and unconstitutional;

i.) Preclusion of defendants from serving in the capacity of law enforcement officers and/or county investigators; and

j.) All such relief, both general and specific, to which Plaintiff may be entitled to under the premises.

## PRAYERS FOR RELIEF

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

Wherefore, premises considered, Plaintiff sues the Defendants, each of them, both jointly and severally, for his personal injuries and prays for a judgment against the Defendants for compensatory damages solely in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

**A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

Castellani Law Firm, LLC

Date: October 30, 2020

David R. Castellani, Esquire
Attorney for Plaintiff, Trayshawn Robinson